[Civ. No. 4166. Second Appellate District, Division One.—May 9, 1923.]

LILLIE L. WHITING, Respondent, v. PERRY WHITING, Appellant.

[1] DIVORCE—DESERTION—EVIDENCE—FINDINGS—APPEAL.—In this action for divorce on the ground of cruelty, in which defendant denied the charge and filed a cross-complaint charging desertion, plaintiff having stated positively that she did not desert defendant and detailed facts and circumstances which lent support to her statement, and other witnesses having given

testimony which tended to corroborate the testimony of plaintiff, the finding of the trial court that plaintiff did not desert defendant was conclusive on appeal, notwithstanding defendant's testimony, taken alone, made out a complete case under the law of this state relative to desertion.

[2] ID.—SEPARATION BY CONSENT.—In such action, the testimony of defendant having shown that the separation existing between himself and plaintiff was with his consent and approval, his plea for a divorce on the ground of desertion was properly denied.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

G. P. Adams and W. W. Orme for Respondent.

CURTIS, J.—Plaintiff instituted this action against the defendant to obtain a decree of divorce on the ground of cruelty. Defendant in his answer denied the charge and filed a cross-complaint against the plaintiff, charging both cruelty and desertion. The court denied relief to either party.

The defendant appeals from the judgment and maintains that the charge of desertion set forth in his cross-complaint was fully established by the evidence in the case, and that the decree should have been in his favor on this issue. He makes no complaint as to the decree denying him a divorce on the ground of cruelty. [1] The sole question, therefore, on this appeal is whether, on the evidence in the case, defendant was entitled to a decree of divorce on the ground of desertion.

In support of his contention that the decree should have been in his favor, defendant's counsel, in his brief, makes copious quotations from the testimony of the defendant. In fact, by far the greater portion of his brief is taken up with such quotations of testimony. He then argues that this evidence constitutes a complete case under the law of this

2. Separation agreement as bar to action for divorce, note, Ann. Cas. 1916C, 347, 367, 368.

state relative to desertion. We might agree with the defendant in this contention, and were this the only testimony in the case, we might go further and hold that the judgment in this case be reversed, and that the defendant be awarded a decree. But the defendant directs us only to the testimony favorable to himself and leaves out of consideration the testimony in the case on behalf of the plaintiff. If this testimony, favorable to plaintiff, taken in connection with that on behalf of defendant, presents a substantial conflict in the evidence on the issue of desertion, then the finding of the lower court must be sustained.

Defendant alleges that plaintiff deserted him on the sixth day of December, 1918. Plaintiff admits leaving her home on the morning of that day in company with the defendant. When they arrived in the business district of the city the defendant took his grip, said good-by and went to his club. She was asked whether she left her husband or he left her; she replied that he left her. She further testified that she remained away three or four days, when she returned to her home, but the defendant was not there. She remained there until the day before Christmas, and during this time the defendant lived at his club and was only at their home on one or two occasions, and then only for a short period of time. She states that it had been her custom for years to spend Christmas with her friends, the Cheneys, and that on the day before Christmas, with her daughter Madlyn, she left her home and visited the Cheneys. She remained there a few days when her daughter was taken with the "flu" and was sent to the hospital. The next day the plaintiff was taken with the same ailment and also went to the hospital. On January 21, 1919, after recovering from her illness, she returned to her home. She found the house in great disorder; the defendant was not there, and evidently had not been living there during her absence. On this day she took her personal belongings with her, left the home, and has never returned there to live. On the day before, January 20, 1919, at the request of Mr. Adams, the attorney for plaintiff, the defendant called at the office of the latter, when the following conversation took place as told by the defendant while on the stand as a witness in this case: "I went up there. He says, 'Is there any chance, has this gone so far that there is no chance for reconciliation?'

'Well,' I says, 'Mr. Adams, I don't believe that there is any use.' I said, 'This is the second time we have separated now.' And I says, 'She has promised, when she came back the other time, that she would never refer to the past, and it was only a week or so she got mad about something and twitted me about everything that ever happened before. She has done it half a dozen times. She has packed up her stuff partly and I had to coax her, to coax her up, coax her up; I don't believe if she came back it would last a month or two months at the most.' I says, 'I don't believe that there is any use.' "

The testimony in the case was voluminous and we have only referred to brief portions of it, but sufficient, we believe, to show that there is a substantial conflict therein upon the issue of desertion as presented by the allegations of defendant's cross-complaint and the plaintiff's answer thereto. The plaintiff stated positively that she did not desert the defendant, and detailed facts and circumstances which lend support to her statement. There was also introduced testimony of other witnesses which tended to corroborate the testimony of plaintiff. In the face of this record we cannot say that there was no evidence to support the finding of the court that plaintiff did not desert the defendant.

We would also call attention to the conversation set forth above, between the defendant and the attorney of the plaintiff in the latter's office on January 20, 1919. This was some six weeks after the defendant claims he was deserted by the plaintiff, and while the parties were living separate and apart. He was asked by Mr. Adams, the attorney, if there was any chance for a reconciliation between himself and his wife, and he replied that there was not. He then stated that his wife had left him half a dozen times before and he had been compelled to coax her back each time; that he did not believe if she came back it would last a month or two months at the most, and that he did not believe there was any use for them to try it again. [2] When we remember that this testimony was given by the defendant himself, and, therefore, it must reveal clearly his feelings in the matter at the time of the interview, we are forced to the conclusion that the separation then existing between himself and wife was with his consent and ap-

proval.  Conceding for the present that the wife had left the defendant, as he claimed, here was ample evidence that her leaving was with his consent.  Separation by consent is not desertion.  (Sec. 99, Civ. Code.)  It is true in other portions of the defendant's evidence he testified that he was unwilling his wife should leave the family home, and that after she left he had repeatedly requested her to return, but such a frame of mind is absolutely inconsistent with that manifested by the defendant at the time of the interview with Mr. Adams when he positively refused all overtures for a reconciliation, declaring substantially that he did not believe there was any use for them to try and live together again.  This testimony, therefore, of the defendant himself, presents a substantial conflict in the evidence on one of the essential and material elements in the case, and it alone is sufficient to support the finding of the court that plaintiff did not desert the defendant.

The judgment is affirmed.

Conrey, P. J., concurred.

Mr. Justice Houser, deeming himself disqualified, took no part in the above decision.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1923.